LUIS A. CARRILLO, Esq. SBN 70398
LAW OFFICES OF LUIS A. CARRILLO
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIDIA VINIEGRA-VILLALOBOS, an individual; ARLETH VALENCIA, an individual; JOHN K.V. DOE, a minor, by and though is guardian ad litem, Nidia Viniegra; MARIA ELBA VINIEGRA, an individual; and JOHN B.M. DOE, a minor, by and through his guardian ad litem, Maria Viniegra,<br><br>        Plaintiffs,<br><br>        v.<br><br>JUAN RODRIGUEZ, an individual; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Fourth Amendment – Unlawful Detention and Arrest (*Bivens* Action)**<br><br>2. **Fourth Amendment - Excessive Force (*Bivens* Action)**<br><br>3. **Fourteenth Amendment – Interference with Familial Relationship (*Bivens* Action)**<br><br>4. **Conspiracy to Violate Civil Rights (*Bivens* Action)**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1.      This civil rights action arises out of the unlawful detention, arrest, and use of excessive force against two adult women and three minor children on January 26, 2016, in the area of 102nd Street and Wilmington, in Los Angeles, California.  Plaintiffs bring these claims against individual federal law enforcement officers, whose identities are not

yet known to Plaintiffs.  Plaintiffs further bring these claims against Agent Juan Rodriguez, in his individual capacity, who is believed to have been employed by U.S. Customs and Border Patrol at the time of the incident.  Plaintiffs bring these claims for violations of the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

## JURISDICTION AND VENUE

2.     This action arises directly under the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants reside in this district and all incidents, events and occurrences giving rise to this action occurred in this district.

## PARTIES

4.     Plaintiff NIDIA VINIEGRA-VILLALOBOS ("NIDIA VINIEGRA") is a competent adult residing in the County of Los Angeles, California.

5.     Plaintiff ARLETH VALENCIA ("VALENCIA") is a competent adult residing in the County of Los Angeles, California.

---

[1] Plaintiffs have presented claims under the Federal Tort Claims Act to agencies of the United States that are believed to employ the tortfeasors identified herein, including: Immigrations and Customs Enforcement, Customs and Border Patrol and the Department of Homeland Security.  Plaintiffs file this Complaint alleging *Bivens* claims only, because the six month claims period has not yet run and Plaintiffs have yet received a response to the claims from the United States.  Plaintiffs intend to amend this complaint to add claims pursuant to the Federal Tort Claims Act against the United States of America (who will be named as a defendant) and against the involved agents in their individual capacities (who will also be named as defendants if not already named in the *Bivens* actions). Plaintiffs will seek to amend this Complaint on the earliest date when either Plaintiffs receive a response from the U.S. or the six month period elapses. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855-858 (2011).

6.     Plaintiff John K.V. Doe ("K.V.") is a minor residing in the County of Los Angeles, California.  He is represented in this lawsuit by his mother and guardian *ad litem*, Nidia Viniegra.  Her application to serve as guardian *ad litem* is pending before the court at the time of the filing of this complaint.  The name John K.V. Doe is not this Plaintiff's true name.  John K.V. Doe is a fictitious pseudonym utilized as privacy protection for this minor Plaintiff.

7.     Plaintiff MARIA ELBA VINIEGRA ("MARIA VINIEGRA") is a competent adult residing in the County of Los Angeles, California.

8.     Plaintiff John B.M. Doe ("B.M.") is a minor residing in the County of Los Angeles, California.  He is represented in this lawsuit by his mother and guardian ad litem, Maria Viniegra.  Her application to serve as guardian ad litem is pending before the court at the time of the filing of this complaint.  The name John B.M. Doe is not this Plaintiff's true name, it is a fictitious pseudonym utilized as privacy protection for this minor Plaintiff. John B.M.

9.     Plaintiffs are informed and thereon believe that Defendant JUAN RODRIGUEZ ("RODRIGUEZ") was, at the time of the incident, employed as a Supervisory Border Patrol Agent by U.S. Customs and Border Patrol.  Plaintiffs are further informed and thereon believe that RODRIGUEZ is a competent adult residing in the County of Los Angeles, California.  The acts and omissions of Defendant RODRIGUEZ was the actual and proximate cause of the injuries and losses suffered by PLAINTIFFS.  At all times herein, Defendant RODRIGUEZ was acting in the course and scope of his employment as a federal law enforcement officer and under color of law.

10.    The true names or capacities of Defendants DOES 1 through 10 are unknown to Plaintiffs at this time.  Plaintiffs therefore sue said Defendants by these fictitious names. DOES 1 through 10 are believed to be individual federal law enforcement officers, employed by U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border

Patrol ("CPB"), and/or by U.S. Immigrations and Customs Enforcement ("ICE").[2] Plaintiffs sue these agents as DOE Defendants in their individual capacities. Plaintiffs will amend this Complaint to reflect the true names of these DOE Defendants when their identities are ascertained. PLAINTIFFS allege that in doing the acts and omissions herein alleged, said DOE Defendants were employees, agents, or servants of the United States of America and that at all times herein, were acting in the course and scope of their employment and under color of law.

11.     At all relevant times herein, DOE Defendants and RODRIGUEZ were the agents, representatives and employees of each other and every other Defendant.

## FACTS COMMON TO ALL CLAIMS

12.     Plaintiffs re-allege and incorporate by reference herein each and every paragraph above as though fully set forth in this section.

13.     On January 26, 2016 at approximately 7:15 a.m., while Plaintiff NIDIA VINIEGRA was driving her children to school, several federal law enforcement agents, who Plaintiffs believe to be either DHS, CPB, and/or ICE agents, pulled over the vehicle driven by NIDIA VINIEGRA. Also in the vehicle were her children, Plaintiffs VALENCIA and K.V.

14.     At the time of the vehicle stop, numerous DOE Defendant federal agents unlawfully detained and arrested NIDIA VINIEGRA: they stopped and surrounded NIDIA VINIEGRA'S vehicle and several of them pointed guns at all of the occupants in the vehicle, including NIDIA VINIEGRA.  Multiple DOES used excessive and unreasonable force against NIDIA VINIEGRA: DOES broke the glass on the driver-side

---

[2] Plaintiffs did not learn the identities of all of the law enforcement agents involved in the incident or all the agencies with whom they were employed.  Through discovery, if Plaintiffs learn that local law enforcement agents and agencies were involved and if warranted, then Plaintiffs may seek leave to amend to bring the same constitutional claims alleged herein against those local law enforcement agents and the local municipality pursuant to 42 U.S.C. §1983.

1  window of the car, opened the driver-side door, violently pulled NIDIA VINIEGRA out

2  of the driver seat, and used force to throw NIDIA VINIEGRA against the car.  This was

3  witnessed by NIDIA VINIEGRA'S children, Plaintiffs VALENCIA and K.V.  NIDIA

4  VINIEGRA was then placed in handcuffs, arrested, and separated from her children.

5  NIDIA VINIEGRA was placed in jail, and in solitary confinement, away from her

6  children.  No charges were pressed against NIDIA and she was eventually released from

7  custody.  NIDIA VINIEGRA had not committed any serious crime.  She was unarmed,

8  she did not attempt to punch, hit, or kick DOES 1-10, and she posed no threat of death or

9  serious bodily injury to anyone.  Her children were present.  Plaintiffs allege that the

10 detention and arrest itself was unreasonable, that the scope and manner of the detention

11 and arrest was unlawful, and that the force used to take NIDIA VINIEGRA into custody

12 was excessive and unreasonable under the circumstances.

13 15.    At the time of the vehicle stop, Plaintiff VALENCIA was a minor.  On that day,

14 VALENCIA was a passenger in the vehicle driven by her mother, NIDIA VINIEGRA.

15 Multiple DOE federal agents unlawfully detained and arrested VALENCIA and used

16 excessive and unreasonable force against her: they pointed their guns at VALENCIA

17 while she was seated in the car with her minor brother, K.V.; violently pulled

18 VALENCIA out of the vehicle; threw her on the ground causing her to fall on her face;

19 used force against VALENCIA while she was on the ground including applying force to

20 her back; and handcuffed her.   VALENCIA witnessed the detention, arrest, and use of

21 force against her mother, NIDIA VINIEGRA, and her brother, K.V.  VALENCIA was

22 never cited for nor charged with any crime.  She was eventually released from custody.

23 At the time of the incident, DOES had no information that VALENCIA had committed

24 any crime.  VALENCIA was unarmed, she did not attempt to punch, hit, or kick DOES

25 1-10, and she posed no threat of death or serious bodily injury to anyone.  Plaintiffs

26 allege that the detention and arrest was unreasonable, that the scope and manner of the

27

28

1 detention and arrest was unlawful, and that the force used against VALENCIA was
2 excessive and unreasonable under the circumstances.

3   16.   At the time of the vehicle stop, Plaintiff K.V. was a minor.  On that day, he was a
4 passenger in the vehicle driven by NIDIA VINIEGRA.  Multiple DOE federal agents
5 unlawfully detained and arrested K.V. and used excessive and unreasonable force against
6 him: multiple DOES pointed their guns at him; pulled him out of the vehicle, threw him
7 on the floor; and handcuffed him. When DOES broke the glass on the driver-side door of
8 the vehicle, glass flew into K.V.'s eyes, causing him injury.  At the time of the incident,
9 DOES had no information that K.V. had committed any crime.  K.V. was unarmed, he
10 did not attempt to punch, hit, or kick DOES 1-10, and he posed no threat of death or
11 serious bodily injury to anyone.  VALENCIA was never cited for nor charged with any
12 crime.  She was eventually released from custody.  Plaintiffs allege that the detention and
13 arrest was unreasonable, that the scope and manner of the detention and arrest was
14 unlawful, and that the force used against K.V. was excessive and unreasonable under the
15 circumstances.

16   17.   At the time of the vehicle stop, Plaintiff MARIA VINIEGRA was standing nearby.
17 Multiple DOE federal agents unlawfully detained and arrested MARIA VINIEGRA and
18 used excessive and unreasonable force against her: DOES forcibly handcuffed her and
19 placed her in a law enforcement vehicle.  At the time of the incident, DOES had no
20 information that MARIA VINIEGRA had committed any crime.  MARIA VINIEGRA
21 was unarmed, did not attempt to punch, hit, or kick DOES 1-10, and she posed no threat
22 of death or serious bodily injury to anyone.  MARIA VINIEGRA was never cited for nor
23 charged with any crime.  She was eventually released from custody.  Plaintiffs allege that
24 the detention and arrest was unreasonable, that the scope and manner of the detention and
25 arrest was unlawful, and that the force used against MARIA VINIEGRA in the course of
26 arresting her was excessive and unreasonable under the circumstances.

27
28

COMPLAINT FOR DAMAGES

18.    At the time of the vehicle stop, Plaintiff B.M., was a minor. He was standing nearby the vehicle stop with his mother, MARIA VINIEGRA. Multiple DOE federal agents unlawfully detained and arrested B.M. and used excessive and unreasonable force against him: B.M. was pushed to the ground by multiple DOES who then used force against him while B.M. was on the ground, including applying force to B.M.'s back. B.M. was also handcuffed and taken into custody. B.M. suffered significant bruising. At the time of the incident, DOES had no information that B.M. had committed any crime. B.M. was unarmed, did not attempt to punch, hit, or kick DOES 1-10, and he posed no threat of death or serious bodily injury to anyone. B.M. was never cited for nor charged with any crime. He was eventually released from custody. Plaintiffs allege that the detention and arrest was unreasonable, that the scope and manner of the detention and arrest was unlawful, and that the force used against B.M. in the course of arresting him was excessive and unreasonable under the circumstances.

19.    At the time that Defendant DOES 1 through 20 and/or federal agents pointed their guns at PLAINTIFFS, PLAINTIFFS were unarmed, were not committing any crime, had not threatened anyone, was not about to harm anyone, and posed no imminent threat of death or serious bodily injury to anyone. As a result of the unlawful detention and arrest and excessive force, each and every PLAINTIFF suffered physical injury and endured severe pain and suffering, embarrassment, fear, anxiety, humiliation, and emotional distress associated with the violation of their rights.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest

### (*Bivens* Action)

(By all Plaintiffs against all individual Defendants)

20.    Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

21.     This cause of action is brought under the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of the Fourth Amendment to the United States Constitution.  The Fourth Amendment's guarantee of freedom from unreasonable searches and seizures protects against detention without reasonable suspicion and arrest without probable cause.

22.     Defendant RODRIGUEZ and DOES 1 through 10 violated PLAINTIFFS' Fourth Amendment rights when they detained and arrested them without reasonable suspicion or probable cause.  Prior to this encounter, Defendants had no information that the PLAINTIFFS had committed any crime.

23.     Defendants RODRIGUEZ AND DOES 1 through 10 surrounded Plaintiffs with multiple law enforcement agents- outnumbering them in a show of force, pointed their guns at PLAINTIFFS in a show of force, surrounded PLAINTIFF NIDIA VINIEGRA'S vehicle in a show of force, pointed their guns at PLAINTIFF NEDIA VINIEGRA's vehicle in a show of force; ordered the occupants out of the vehicle; broke the window of NIDIA VINIEGRA'S vehicle window, dragged VINIEGRA, VALENCIA, and K.V. out of the vehicle, placed all PLAINTIFFS in handcuffs, used force to restrain each and every PLAINTIFF, and used unjustified physical force against each and every PLAINTIFF.  In so doing, Defendants RODRIGUEZ and DOES 1 through 10 deprived PLAINTIFFS of the right to be secure in their person against unreasonable searches and seizures as guaranteed by the Fourth Amendment of the United States Constitution.

24.     The conduct of Defendants RODRIGUEZ and DOES 1 through 10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of all PLAINTIFFS and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

25.     Defendants RODRIGUEZ and DOES 1 through 10 are liable for the violations of PLAINTIFFS' Fourth Amendment rights and resulting injuries, either because they were integral participants in the wrongful detention and arrest, and/or because they failed to intervene to prevent these violations.

26.     Plaintiffs seek compensatory damages, attorneys' fees, and costs under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force

### (*Bivens* Action)

(By all Plaintiffs against all individual Defendants)

27.     Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

28.     This cause of action is brought under the authority *of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of the Fourth Amendment to the United States Constitution.  The Fourth Amendment's guarantee of freedom from unreasonable searches and seizures protects against the use of excessive force by law enforcement officers during the course of a detention or arrest.

29.     Defendants RODRIGUEZ and DOES 1 through 10 violated PLAINTIFFS' Fourth Amendment right to be free from excessive force when they surrounded Plaintiffs with multiple law enforcement agents - outnumbering them in a show of force, pointed their guns at PLAINTIFFS in a show of force, surrounded PLAINTIFF NIDIA VINIEGRA'S vehicle in a show of force, pointed their guns at PLAINTIFF NEDIA VINIEGRA's vehicle in a show of force; ordered the occupants out of the vehicle; broke the window of NIDIA VINIEGRA'S vehicle window, dragged VINIEGRA, VALENCIA, and K.V. out of the vehicle, placed all PLAINTIFFS in handcuffs, used force to restrain each and every PLAINTIFF, and used unjustified physical force against each and every PLAINTIFF, including forcefully restraining them, pushing, throwing and/or forcefully shoving PLAINTIFF NIDIA VINIEGRA up against the car, pushing, throwing and/or forcefully taking VALENCIA, K.V., and B.M. to the ground and using force against their backs while they were on the ground; and delivering blows to their person such that they suffered physical injury and bruising.  The unreasonable use of force by Defendant DOES 1 through 10, deprived the PLAINTIFFS of their right to be secure in their person against unreasonable searches and seizures as guaranteed to PLAINTIFFS under the Fourth Amendment to the United States Constitution.

30.     The conduct of each and every individual Defendant was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS, and therefore warrants the imposition of exemplary and punitive damages as to all DOE Defendants.

31.     Defendants RODRIGUEZ and DOES 1 through 10 are liable for the violations of PLAINTIFFS' Fourth Amendment rights and resulting injuries, either because they were integral participants in the wrongful detention and arrest and use of excessive force and/or because they failed to intervene to prevent these violations.

32.     Plaintiffs seek compensatory damages, attorneys' fees, and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment—Substantive Due Process**

**(*Bivens* Action)**

(By Plaintiffs NIDIA YADIRA, VALENCIA, and K.V. against all individual Defendants)

33.     Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

34.     This cause of action is brought under the authority *of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of the Fourteenth Amendment to the United States Constitution.  The Fourteenth Amendment's substantive due process clause guarantee of freedom from unlawful state interference with familial relationships.

35.     Defendants RODRIGUEZ and DOES 1 through 10 violated PLAINTIFFS' Fourteenth Amendment right to be free from unlawful state inteference with familail relationship when they separated NIDIA VINIEGRA from her children, Plaintiffs VALENCIA and K.V., for an appreciable period of time by detaining her, arresting her, jailing her, and placing her in solitary confinement.

36.     Defendants RODRIGUEZ and DOES 1 through 10 knew that NIDIA VINIEGRA'S children were in the car and that they were dependent on her for their care. Defendants RODRIGUEZ and DOES 1 through 10 knew that the father of VALENCIA

10

and K.V. was in Mexico and that the children would be alone if NIDIA VINIEGRA was taken into custody. Defendants RODRIGUEZ and DOES 1 through 10 also knew that NIDIA VINIEGRA had been cooperating with federal law enforcement agencies by supplying them with information to help them locate and apprehend her husband, who was in Mexico and was suspected of committing federal crimes. Although she had been cooperating with federal law enforcement officials for some time, attempts to locate and apprehend NIDIA VINIEGRA'S husband were unsuccessful. Federal law enforcement officials faulted NIDIA VINIEGRA for their inability to locate and apprehend her husband. Despite the ongoing communication between NIDIA VINIEGRA and federal law enforcement, federal authorities never issued any warrant for arrest for NIDIA VINIEGRA arising out of her immigration status. In retaliation against NIDIA VINIEGRA and her family and for the failure to locate and apprehend her husband, Defendant RODRIGUEZ issued a warrant for NIDIA VINIEGRA'S arrest, and he and DOES 1 through 10 executed it while her children were present and in front of the school that they attended while others watched. NIDIA and her children, VALENCIA and K.V., were also unlawfully detained, arrested, and subject to the excessive use of force. As a result of the detention and arrest, NIDIA was then seprated from her children and taken to jail for an appreciable period of time. There, she was placed in solitary confinement, before being released from custody without any citation or charges.

37. In so doing these acts and by setting in motion this sequence of events, Defendants RODRIGUEZ and DOES 1 through 10 abused their power, acted maliciously, displayed a deliberate indifference to the rights of NIDIA VINIEGRA, VALENCIA, and K.V., and acted with a purpose to harm NIDIA VINIEGRA, VALENCIA, and K.V. without and unrelated to a legitmate law enforcement objective.

38. The conduct of each and every individual Defendant was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS, and therefore warrants the imposition of exemplary and punitive damages.

39. Defendants RODRIGUEZ and DOES 1 through 10 are liable for the violations of PLAINTIFFS' Fourteenth Amendment rights and resulting injuries, either because they

1  were integral participants in the wrongful detention and arrest, use of excessive force, and
2  taking NIDIA VINIEGRA into custody, and/or because they failed to intervene to
3  prevent these violations.

4  40.    Plaintiffs seek compensatory damages, attorneys' fees, and costs under this claim.

**FOURTH CLAIM FOR RELIEF**
**Conspiracy to Commit Civil Rights Violations**
**(*Bivens* Action)**
(By all Plaintiffs against all individual Defendants)

41.    Plaintiffs re-allege and incorporate by reference each and every paragraph above as
though set forth fully in this cause of action.

42.    This cause of action is brought under the authority *of Bivens v. Six Unknown
Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for conspiracy to
commit violations of the Fourth and Fourteenth Amendments to the United States
Constitution, namely the protections against unreasonable searches and seizures and
against unlawful state interference with familial relationship.  A conspiracy claim under
*Bivens* is actionable where there is an express or implied agreement among the defendant
officers to deprive a person of their constitutional rights, and an actual deprivation of
those rights resulting from that agreement.

43.    Defendants RODRIGUEZ and DOES 1 through 10 knew that NIDIA VINIEGRA
had been cooperating with federal law enforcement agencies by supplying them with
information to help them locate and apprehend her husband, who was in Mexico and who
was suspected of committing federal crimes.  Given the ongoing communication between
NIDIA VINIEGRA and federal law enforcement, federal authorites knew of NIDIA
VINIEGRA's immigration status, but never issued any warrant for arrest for NIDIA
VINIEGRA arising out of her immigration status.  Federal authorities has also conducted
surveillance on NIDIA VINIEGRA and knew where she lived and where her children
attended school.  Federal authorities knew that her children were U.S. citizens and that,
other than being in the country illegally, NIDIA VINIEGRA had committed no crime.

12

Although she had been cooperating with federal law enforcement officials for some time, attempts to locate and apprehend NIDIA VINIEGRA'S husband were unsuccessful. Federal law enforcement officials, including Defendant RODRIGUEZ and DOES 1 through 10, expressly or impliedly faulted NIDIA VINIEGRA for their inability to locate and apprehend her husband. RODRIGUEZ and DOES 1 through 10 also expressly or impliedly agreed that some consequence should come to NIDIA VINIEGRA and her family as a result of the fact that her cooperation with federal authorities did not result in the apprehension of her husband.

44.     As a result of the express or implied agreement among RODRIGUEZ and DOES 1 through 10, RODRIGUEZ issued a warrant for NIDIA VINIEGRA'S arrest. Using information obtained while conducting surveillance for the purpose of apprehending her husband, and despite the knowledge that her children were U.S. citizens, RODRIGUEZ and DOES 1 through 10 executed that warrant while NIDIA VINIEGRA was taking her children to school, in front of the school that they attended, while her children were present, and while others watched. The execution of the express and/or implied agreement between RODRIGUEZ and DOES 1 through 10 resulted in the violations of PLAINTIFFS' constitutional rights. NIDIA VINIEGRA and her family, including Plaintiffs VALENCIA, K.V., MARIA VINIEGRA, and B.M., were unlawfully detained, arrested, and subject to the use of excessive of force. As a result of the detention and arrest, NIDIA was then seprated from her children and taken to jail for an appreciable period of time. There, she was placed in solitary confinement, before being released from custody without any citation or charges.

45.     In so doing these acts and by setting in motion this sequence of events, Defendants RODRIGUEZ and DOES 1 through 10 abused their power, acted maliciously, displayed a deliberate indifference to the rights of NIDIA VINIEGRA, VALENCIA, and K.V., and acted with a purpose to harm NIDIA VINIEGRA, VALENCIA, and K.V. without and unrelated to a legitmate law enforcement objective.

46.     In so doing these acts, via the express and/or implied agreement among Defendants RODRIGUEZ and DOES 1 through 10, and via the resulting violations of Plaintiffs'

13

constitutional rights, Defendants are liable for conspiracy to commit civil rights violations.

47.    The conduct of each and every individual Defendant was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS, and therefore warrants the imposition of exemplary and punitive damages.

48.    Defendants RODRIGUEZ and DOES 1 through 10 are liable for conspiracy to commit civil rights either because they were integral participants in the conspiracy and resulting violations, and/or because they failed to intervene to prevent the conspiracy and resulting violations.

49.    Plaintiffs seek compensatory damages, attorneys' fees, and costs under this claim.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS request entry of judgment in their favor and against Defendants RODRIGUEZ and DOES 1 through 10, as follows:

A.    For compensatory damages including damages under federal law, in an amount to be proven at trial;

B.    Punitive damages against the individual Defendants Rodriguez and DOES 1 through 10;

C.    Reasonable attorneys' fees;

D.    Costs of suit;

E.    Prejudgment interest; and

F.    For such further other relief as the Court may deem just, proper, and appropriate.

Dated: January 25, 2018                    LAW OFFICE OF LUIS A. CARRILLO

By: _____

Luis A. Carrillo, Esq.,
Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: January 25, 2018                    LAW OFFICES OF LUIS A. CARRILLO

By: _____
        Luis A. Carrillo, Esq.,
        Attorney for Plaintiffs