1  LUIS A. CARRILLO, Esq. SBN 70398
2  CARRILLO LAW FIRM, LLP
   1499 Huntington Drive, Suite 402
3  South Pasadena, CA 91030
   Tel: (626) 799-9375
4  Fax: (626) 799-9380
5
6  Attorneys for Plaintiffs

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10  NIDIA VINIEGRA-VILLALOBOS, an individual; ARLETH VALENCIA, an individual; JOHN K.V. DOE, a minor, by and though is guardian ad litem, Nidia Viniegra; MARIA ELBA VINIEGRA, an individual; and JOHN B.M. DOE, a minor, by and through his guardian ad litem, Maria Viniegra,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, KEVIN VAN LUVEN, an individual; LUIS BARRAGAN, an individual;  MIGUEL QUINTERO, an individual; BRIAN GOULART, an individual; and CHRIS WALKER, an individual;  and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.: 2:18-cv-00663**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **Fourth Amendment – Unlawful Detention and Arrest (*Bivens* Action)**<br>2. **Fourth Amendment - Excessive Force (*Bivens* Action)**<br>3. **Fourteenth Amendment – Interference with Familial Relationship (*Bivens* Action)**<br>4. **Conspiracy to Violate Civil Rights (*Bivens* Action)**<br>5. **False Arrest/ False Imprisonment**<br>6. **Battery**<br>7. **Negligence**<br>8. **Violations of the Bane Act (Cal. Civil Code § 52.1)**<br>9. **Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

1

## INTRODUCTION

1.     This civil rights action arises out of the unlawful detention, arrest, and use of excessive force against two adult women and three minor children on January 26, 2016, in the area of 102nd Street and Wilmington, in Los Angeles, California.  Plaintiffs bring these claims against individual federal law enforcement officers, whose identities are not yet known to Plaintiffs.  Plaintiffs further bring these claims against Agents VAN LUVEN, BARRAGAN, and QUINTERO, in their individual capacity, who are believed to have been employed by U.S. Customs and Border Patrol at the time of the incident. Plaintiffs bring these claims for violations of the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1] in addition to other causes of action.

## JURISDICTION AND VENUE

2.     This action arises directly under the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants reside in this district and all incidents, events and occurrences giving rise to this action occurred in this district.

## PARTIES

4.     Plaintiff NIDIA VINIEGRA-VILLALOBOS ("NIDIA VINIEGRA") is a competent adult residing in the County of Los Angeles, California.

---

[1] Plaintiffs have presented claims under the Federal Tort Claims Act to agencies of the United States that are believed to employ the tortfeasors identified herein, including: Immigrations and Customs Enforcement, Customs and Border Patrol and the Department of Homeland Security.  Plaintiffs file this First Amended Complaint alleging *Bivens* claims in addition to claims against United States Customs and Border Protection, because the claims period has not yet run. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855-858 (2011).

5.     Plaintiff ARLETH VALENCIA ("VALENCIA") is a competent adult residing in the County of Los Angeles, California.

6.     Plaintiff John K.V. Doe ("K.V.") is a minor residing in the County of California. He is represented in this lawsuit by his mother and guardian *ad litem*, Nidia Viniegra. Her application to serve as guardian *ad litem* is pending before the court at the time of the filing of this complaint.  The name John K.V. Doe is not this Plaintiff's true name.  John K.V. Doe is a fictitious pseudonym utilized as privacy protection for this minor Plaintiff.

7.     Plaintiff MARIA ELBA VINIEGRA ("MARIA VINIEGRA") is a competent adult residing in the County of Los Angeles, California.

8.     Plaintiff John B.M. Doe ("B.M.") is a minor residing in the County of Los Angeles, California.  He is represented in this lawsuit by his mother and guardian ad litem, Maria Viniegra.  Her application to serve as guardian ad litem is pending before the court at the time of the filing of this complaint.  The name John B.M. Doe is not this Plaintiff's true name, it is a fictitious pseudonym utilized as privacy protection for this minor Plaintiff. John B.M.

9.     Plaintiffs are informed and thereon believe that Defendant United States Customs and Border Protection ("CBP"), which is an agency of the United States Department of Homeland Security, is and was a federal agency responsible for hiring, training, and employees KEVIN VAN LUVEN, LUIS BARRAGAN, MIGUEL QUINTERO, BRIAN GOULART, and CHRIS WALKER.

10.    Plaintiffs are informed and thereon believe that Defendant KEVIN VAN LUVEN ("VAN LUVEN") was, at the time of the incident, employed as a Supervisory Border Patrol Agent by U.S. Customs and Border Patrol.  Plaintiffs are further informed and thereon believe that VAN LUVEN is a competent adult residing in the County of Los Angeles, California.  The acts and omissions of Defendant VAN LUVEN was the actual and proximate cause of the injuries and losses suffered by PLAINTIFFS.  At all times herein, Defendant VAN LUVEN was acting in the course and scope of his employment as a federal law enforcement officer and under color of law.

11.    Plaintiffs are informed and thereon believe that Defendant LUIS BARRAGAN ("BARRAGAN") was, at the time of the incident, employed as a Supervisory Border Patrol Agent by U.S. Customs and Border Patrol.  Plaintiffs are further informed and thereon believe that BARRAGAN is a competent adult residing in the County of Los Angeles, California.  The acts and omissions of Defendant BARRAGAN was the actual and proximate cause of the injuries and losses suffered by PLAINTIFFS.  At all times herein, Defendant BARRAGAN was acting in the course and scope of his employment as a federal law enforcement officer and under color of law.

12.    Plaintiffs are informed and thereon believe that Defendant MIGUEL QUINTERO ("QUINTERO") was, at the time of the incident, employed as a Supervisory Border Patrol Agent by U.S. Customs and Border Patrol.  Plaintiffs are further informed and thereon believe that QUINTERO is a competent adult residing in the County of Los Angeles, California.  The acts and omissions of Defendant QUINTERO was the actual and proximate cause of the injuries and losses suffered by PLAINTIFFS.  At all times herein, Defendant QUINTERO was acting in the course and scope of his employment as a federal law enforcement officer and under color of law.

13.    Plaintiffs are informed and thereon believe that Defendant BRIAN GOULART ("GOULART") was, at the time of the incident, employed as a Supervisory Border Patrol Agent by U.S. Customs and Border Patrol.  Plaintiffs are further informed and thereon believe that GOULART is a competent adult residing in the County of Los Angeles, California.  The acts and omissions of Defendant GOULART was the actual and proximate cause of the injuries and losses suffered by PLAINTIFFS.  At all times herein, Defendant GOULART was acting in the course and scope of his employment as a federal law enforcement officer and under color of law.

14.    Plaintiffs are informed and thereon believe that Defendant CHRIS WALKER ("WALKER") was, at the time of the incident, employed as a Supervisory Border Patrol Agent by U.S. Customs and Border Patrol.  Plaintiffs are further informed and thereon believe that WALKER is a competent adult residing in the County of Los Angeles,

California.  The acts and omissions of Defendant WALKER was the actual and proximate cause of the injuries and losses suffered by PLAINTIFFS.  At all times herein, Defendant WALKER was acting in the course and scope of his employment as a federal law enforcement officer and under color of law.

15.    The true names or capacities of Defendants DOES 1 through 10 are unknown to Plaintiffs at this time.  Plaintiffs therefore sue said Defendants by these fictitious names. DOES 1 through 10 are believed to be individual federal law enforcement officers, employed by U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and/or by U.S. Immigrations and Customs Enforcement ("ICE").[2] Plaintiffs sue these agents as DOE Defendants in their individual capacities.  Plaintiffs will amend this Complaint to reflect the true names of these DOE Defendants when their identities are ascertained.  PLAINTIFFS allege that in doing the acts and omissions herein alleged, said DOE Defendants were employees, agents, or servants of the United States of America and that at all times herein, were acting in the course and scope of their employment and under color of law.

16.    At all relevant times herein, Defendants VAN LUVEN, BARRAGAN, QUINTERO, CBP, and DOE Defendants were the agents, representatives and employees of each other and every other Defendant.

## FACTS COMMON TO ALL CLAIMS

17.    Plaintiffs re-allege and incorporate by reference herein each and every paragraph above as though fully set forth in this section.

18.    On January 26, 2016 at approximately 7:15 a.m., while Plaintiff NIDIA VINIEGRA was driving her children to school, several federal law enforcement agents, who Plaintiffs believe to be CPB, and/or ICE agents, pulled over the vehicle driven by

---

[2] Plaintiffs have recently learned the identities of all of the law enforcement agents involved in the incident or all the agencies with whom they were employed. Plaintiffs hereby file an amended pleading to bring the same constitutional claims alleged herein against those local law enforcement agents and the local municipality pursuant to 42 U.S.C. §1983.

NIDIA VINIEGRA. Also in the vehicle were her children, Plaintiffs VALENCIA and K.V.

19.    At the time of the vehicle stop, Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and other Federal agents unlawfully detained and arrested NIDIA VINIEGRA: they stopped and surrounded NIDIA VINIEGRA'S vehicle and several of them pointed guns at all of the occupants in the vehicle, including NIDIA VINIEGRA.  Defendants used excessive and unreasonable force against NIDIA VINIEGRA: At the orders Defendant WALKER, Defendant QUINTERO broke the glass on the driver-side window of the car and reached into the vehicle in an attempt to extract NIDIA VINIEGRA; Defendants WALKER and BARRAGAN opened the driver-side door, violently pulled NIDIA VINIEGRA out of the driver seat, and used force to throw NIDIA VINIEGRA against the car; Defendant BARRAGAN placed NIDIA VINIEGRA in handcuffs and placed her in the back seat of the law enforcement vehicle with the assistance of Agent Gutierrez. This was witnessed by NIDIA VINIEGRA'S children, Plaintiffs VALENCIA and K.V.  Defendants BARRAGAN separated NIDIA VINIEGRA separated from her children by placing her in the Agency vehicle.  NIDIA VINIEGRA was placed in jail, and in solitary confinement, away from her children.  No charges were pressed against NIDIA and she was eventually released from custody. NIDIA VINIEGRA had not committed any serious crime.  She was unarmed, she did not attempt to punch, hit, or kick any of the Defendants, and she posed no threat of death or serious bodily injury to anyone.  Her children were present.  Plaintiffs allege that the detention and arrest itself was unreasonable, that the scope and manner of the detention and arrest was unlawful, and that the force used to take NIDIA VINIEGRA into custody was excessive and unreasonable under the circumstances.

20.    At the time of the vehicle stop, Plaintiff VALENCIA was a minor.  On that day, VALENCIA was a passenger in the vehicle driven by her mother, NIDIA VINIEGRA. Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and other Federal agents unlawfully detained and arrested VALENCIA and used excessive

and unreasonable force against her: they pointed their guns at VALENCIA while she was seated in the car with her minor brother, K.V.; Defendant QUINTERO violently pulled VALENCIA out of the vehicle, threw her on the ground causing her to fall on her face, used force against VALENCIA while she was on the ground including applying force to her back and handcuffed her.  VALENCIA witnessed the detention, arrest, and use of force against her mother, NIDIA VINIEGRA, and her brother, K.V.  VALENCIA was never cited for nor charged with any crime.  She was eventually released from custody.  At the time of the incident, VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, had no information that VALENCIA had committed any crime.  VALENCIA was unarmed, she did not attempt to punch, hit, or kick any of the Defendants, and she posed no threat of death or serious bodily injury to anyone.  Plaintiffs allege that the detention and arrest was unreasonable, that the scope and manner of the detention and arrest was unlawful, and that the force used against VALENCIA was excessive and unreasonable under the circumstances.

21.    At the time of the vehicle stop, Plaintiff K.V. was a minor.  On that day, he was a passenger in the vehicle driven by NIDIA VINIEGRA.  Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and other Federal agents unlawfully detained and arrested K.V. and used excessive and unreasonable force against him: Defendants pointed their guns at him; Defendant GOULART forcibly grabbed his arm, pulled him out of the vehicle, and threw him on the floor, where Agent Callirgos ultimately handcuffed him. When QUINTERO broke the glass on the driver-side door of the vehicle, glass flew into K.V.'s eyes, causing him injury.  At the time of the incident, DOES had no information that K.V. had committed any crime.  K.V. was unarmed, he did not attempt to punch, hit, or kick Defendants, and he posed no threat of death or serious bodily injury to anyone.  K.V. was never cited for nor charged with any crime.  She was eventually released from custody.  Plaintiffs allege that the detention and arrest was unreasonable, that the scope and manner of the detention and arrest was unlawful,

1  and that the force used against K.V. was excessive and unreasonable under the

2  circumstances.

3     22.    At the time of the vehicle stop, Plaintiff MARIA VINIEGRA was standing nearby.

4  Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and

5  other Federal agents unlawfully detained and arrested MARIA VINIEGRA and used

6  excessive and unreasonable force against her: Defendant VAN LUVEN grabbed MARIA

7  VINIEGRA's wrist, forcibly handcuffed her and placed her in a law enforcement vehicle.

8  At the time of the incident, DOES had no information that MARIA VINIEGRA had

9  committed any crime.  MARIA VINIEGRA was unarmed, did not attempt to punch, hit,

10  or kick any Defendants, and she posed no threat of death or serious bodily injury to

11  anyone.  She was eventually released from custody.  Plaintiffs allege that the detention

12  and arrest was unreasonable, that the scope and manner of the detention and arrest was

13  unlawful, and that the force used against MARIA VINIEGRA in the course of arresting

14  her was excessive and unreasonable under the circumstances.

15     23.    At the time of the vehicle stop, Plaintiff B.M., was a minor.  He was standing

16  nearby the vehicle stop with his mother, MARIA VINIEGRA.  Defendants VAN

17  LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and other Federal agents

18  unlawfully detained and arrested B.M. and used excessive and unreasonable force against

19  him: Defendant QUINTERO grabbed B.M., forced him to the ground, used force against

20  him while B.M. was on the ground, including applying force to B.M.'s back. With the

21  assistance of Defendant WALKER, Defendant QUINTERO placed B.M. in handcuffs

22  and detained him.  B.M. suffered significant bruising.  At the time of the incident, DOES

23  had no information that B.M. had committed any crime.  B.M. was unarmed, did not

24  attempt to punch, hit, or kick any Defendant, and he posed no threat of death or serious

25  bodily injury to anyone.  B.M. was never cited for nor charged with any crime.  B.M. was

26  eventually released from custody.  Plaintiffs allege that the detention and arrest was

27  unreasonable, that the scope and manner of the detention and arrest was unlawful, and

28

that the force used against B.M. in the course of arresting him was excessive and unreasonable under the circumstances.

24.    At the time that Defendant DOES 1 through 10 and/or federal agents pointed their guns at PLAINTIFFS, PLAINTIFFS were unarmed, were not committing any crime, had not threatened anyone, was not about to harm anyone, and posed no imminent threat of death or serious bodily injury to anyone. As a result of the unlawful detention and arrest and excessive force, each and every PLAINTIFF suffered physical injury and endured severe pain and suffering, embarrassment, fear, anxiety, humiliation, and emotional distress associated with the violation of their rights.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest

### (*Bivens* Action)

(By all Plaintiffs against all individual Defendants)

25.    Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

26.    This cause of action is brought under the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of the Fourth Amendment to the United States Constitution.  The Fourth Amendment's guarantee of freedom from unreasonable searches and seizures protects against detention without reasonable suspicion and arrest without probable cause.

27.    Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP violated PLAINTIFFS' Fourth Amendment rights when they detained and arrested them without reasonable suspicion or probable cause.  Prior to this encounter, Defendants had no information that the PLAINTIFFS had committed any crime.

28.    Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, surrounded Plaintiffs with multiple law enforcement agents- outnumbering them in a show of force, pointed their guns at PLAINTIFFS in a show of force, surrounded PLAINTIFF NIDIA VINIEGRA'S vehicle in a show of force, pointed their guns at

PLAINTIFF NIDIA VINIEGRA's vehicle in a show of force; ordered the occupants out of the vehicle; Defendant QUINTERO broke the window of NIDIA VINIEGRA'S vehicle window at the orders of Defendant WALKER; Defendants QUINTERO, BARRAGAN, WALKER and GOULART dragged NIDIA VINIEGRA, VALENCIA, and K.V. out of the vehicle, placed all PLAINTIFFS in handcuffs; Defendants QUINTERO and VAN LUVEN forced Plaintiffs MARIA VINIEGRA and B.M. to the floor and placed them in handcuffs; Defendants used force to restrain each and every PLAINTIFF, and used unjustified physical force against each and every PLAINTIFF. In so doing, Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP deprived PLAINTIFFS of the right to be secure in their person against unreasonable searches and seizures as guaranteed by the Fourth Amendment of the United States Constitution.

29.    The conduct of Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP was willful, wanton, malicious, and done with reckless disregard for the rights and safety of all PLAINTIFFS and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

30.    Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP are liable for the violations of PLAINTIFFS' Fourth Amendment rights and resulting injuries, either because they were integral participants in the wrongful detention and arrest, and/or because they failed to intervene to prevent these violations.

31.    Plaintiffs seek compensatory damages, attorneys' fees, and costs under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force

### (*Bivens* Action)

(By all Plaintiffs against all individual Defendants)

32.    Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

33.    This cause of action is brought under the authority *of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of the Fourth Amendment to the United States Constitution.  The Fourth Amendment's guarantee of freedom from unreasonable searches and seizures protects against the use of excessive force by law enforcement officers during the course of a detention or arrest.

34.    Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP violated PLAINTIFFS' Fourth Amendment right to be free from excessive force when they surrounded Plaintiffs with multiple law enforcement agents, outnumbering them in a show of force, pointed their guns at PLAINTIFFS in a show of force, surrounded PLAINTIFF NIDIA VINIEGRA'S vehicle in a show of force, pointed their guns at PLAINTIFF NEDIA VINIEGRA's vehicle in a show of force; ordered the occupants out of the vehicle; Defendant QUINTERO broke the window of NIDIA VINIEGRA'S vehicle window at the orders of Defendant WALKER; Defendants QUINTERO, BARRAGAN, WALKER and GOULART dragged VINIEGRA, VALENCIA, and K.V. out of the vehicle, and placed all PLAINTIFFS in handcuffs and used force to restrain each and every PLAINTIFF, and used unjustified physical force against each and every PLAINTIFF, including forcefully restraining them, pushing, throwing and/or forcefully shoving PLAINTIFF NIDIA VINIEGRA up against the car, pushing, throwing and/or forcefully taking VALENCIA, K.V., and B.M. to the ground and using force against their backs while they were on the ground; and delivering blows to their person such that they suffered physical injury and bruising.  The unreasonable use of force by Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP deprived the PLAINTIFFS of their right to be secure in their person against unreasonable searches and seizures as guaranteed to PLAINTIFFS under the Fourth Amendment to the United States Constitution.

35.    The conduct of each and every individual Defendant was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS,

and therefore warrants the imposition of exemplary and punitive damages as to all individual Defendants.

36.     Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP are liable for the violations of PLAINTIFFS' Fourth Amendment rights and resulting injuries, either because they were integral participants in the wrongful detention and arrest and use of excessive force and/or because they failed to intervene to prevent these violations.

37.     Plaintiffs seek compensatory damages, attorneys' fees, and costs under this claim.

## THIRD CLAIM FOR RELIEF

### Fourteenth Amendment—Substantive Due Process

### (*Bivens* Action)

(By Plaintiffs NIDIA YADIRA, VALENCIA, and K.V. against all individual Defendants)

38.     Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

39.     This cause of action is brought under the authority *of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of the Fourteenth Amendment to the United States Constitution.  The Fourteenth Amendment's substantive due process clause guarantee of freedom from unlawful state interference with familial relationships.

40.     Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP violated PLAINTIFFS' Fourteenth Amendment right to be free from unlawful state inteference with familail relationship when they separated NIDIA VINIEGRA from her children, Plaintiffs VALENCIA and K.V., for a period of time by detaining her, arresting her, jailing her, and placing her in solitary confinement.

41.     Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP knew that NIDIA VINIEGRA'S children were in the car and that they were dependent on her for their care.  Defendants VAN LUVEN, BARRAGAN, QUINTERO,

GOULART, WALKER, and CBP knew that the father of VALENCIA and K.V. was in Mexico and that the children would be alone if NIDIA VINIEGRA was taken into custody. Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP also knew that NIDIA VINIEGRA had been cooperating with federal law enforcement agencies by supplying them with information to help them locate and apprehend her husband, who was in Mexico and was suspected of committing federal crimes. Although she had been cooperating with federal law enforcement officials for some time, attempts to locate and apprehend NIDIA VINIEGRA'S husband were unsuccessful. Federal law enforcement officials faulted NIDIA VINIEGRA for their inability to locate and apprehend her husband. In retaliation against NIDIA VINIEGRA and her family and for the failure to locate and apprehend her husband, Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, sought to arrest NIDIA VINIEGRA'S and Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER arrested NIDIA while her children were present and in front of the school that they attended while others watched. NIDIA and her children, VALENCIA and K.V., were also unlawfully detained, arrested, and subject to the excessive use of force. As a result of the detention and arrest, NIDIA was then seprated from her children and taken to jail for an appreciable period of time. There, she was placed in solitary confinement, before being released from custody without any citation or charges.

42.    In so doing these acts and by setting in motion this sequence of events, Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP abused their power, acted maliciously, displayed a deliberate indifference to the rights of NIDIA VINIEGRA, VALENCIA, and K.V., and acted with a purpose to harm NIDIA VINIEGRA, VALENCIA, and K.V. without and unrelated to a legitimate law enforcement objective.

43.    The conduct of each and every individual Defendant was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS, and therefore warrants the imposition of exemplary and punitive damages.

44.     Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP are liable for the violations of PLAINTIFFS' Fourteenth Amendment rights and resulting injuries, either because they were integral participants in the wrongful detention and arrest, use of excessive force, and taking NIDIA VINIEGRA into custody, and/or because they failed to intervene to prevent these violations.

45.     Plaintiffs seek compensatory damages, attorneys' fees, and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Conspiracy to Commit Civil Rights Violations

### (*Bivens* Action)

(By all Plaintiffs against all individual Defendants)

46.     Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

47.     This cause of action is brought under the authority *of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for conspiracy to commit violations of the Fourth and Fourteenth Amendments to the United States Constitution, namely the protections against unreasonable searches and seizures and against unlawful state interference with familial relationship.  A conspiracy claim under *Bivens* is actionable where there is an express or implied agreement among the defendant officers to deprive a person of their constitutional rights, and an actual deprivation of those rights resulting from that agreement.

48.     Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP knew that NIDIA VINIEGRA had been cooperating with federal law enforcement agencies by supplying them with information to help them locate and apprehend her husband, who was in Mexico and who was suspected of committing federal crimes.  Given the ongoing communication between NIDIA VINIEGRA and federal law enforcement, federal authorites knew of NIDIA VINIEGRA's immigration status, but never issued any warrant for arrest for NIDIA VINIEGRA arising out of her immigration status.  Federal authorities have also conducted surveillance on NIDIA

VINIEGRA and knew where she lived and where her children attended school.  Federal authorities knew that her children were U.S. citizens and that, and that NIDIA VINIEGRA had committed no crime.  Although she had been cooperating with federal law enforcement officials for some time, attempts to locate and apprehend NIDIA VINIEGRA'S husband were unsuccessful.  Federal law enforcement officials, including Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP, expressly or impliedly faulted NIDIA VINIEGRA for their inability to locate and apprehend her husband.  Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP also expressly or impliedly agreed that some consequence should come to NIDIA VINIEGRA and her family as a result of the fact that her cooperation with federal authorities did not result in the apprehension of her husband.

49.     As a result of the express or implied agreement among Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, sought to arrest NIDIA VINIEGRA.  Using information obtained while conducting surveillance for the purpose of apprehending her husband, and despite the knowledge that her children were U.S. citizens, Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP arrested NIDIA VINIEGRA while was taking her children to school, in front of the school that they attended, while her children were present, and while others watched.  The execution of the express and/or implied agreement between Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP resulted in the violations of PLAINTIFFS' constitutional rights.  NIDIA VINIEGRA and her family, including Plaintiffs VALENCIA, K.V., MARIA VINIEGRA, and B.M., were unlawfully detained, arrested, and subject to the use of excessive of force.  As a result of the detention and arrest, NIDIA was then seprated from her children and taken to jail for an appreciable period of time.  There, she was placed in solitary confinement, before being released from custody without any citation or charges.

50.    In so doing these acts and by setting in motion this sequence of events, Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP abused their power, acted maliciously, displayed a deliberate indifference to the rights of NIDIA VINIEGRA, VALENCIA, and K.V., and acted with a purpose to harm NIDIA VINIEGRA, VALENCIA, and K.V. without and unrelated to a legitmate law enforcement objective.

51.    In so doing these acts, via the express and/or implied agreement among Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP, and via the resulting violations of Plaintiffs' constitutional rights, Defendants are liable for conspiracy to commit civil rights violations.

52.    The conduct of each and every individual Defendant was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS, and therefore warrants the imposition of exemplary and punitive damages.

53.    Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP are liable for conspiracy to commit civil rights either because they were integral participants in the conspiracy and resulting violations, and/or because they failed to intervene to prevent the conspiracy and resulting violations.

54.    Plaintiffs seek compensatory damages, attorneys' fees, and costs under this claim

## FIFTH CLAIM FOR RELIEF

### False Arrest/Fale Imprisonment

(By all Plaintiffs against all Defendants)

55.    Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

56.    Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER, while working as agents for the CBP and acting within the course and scope of their duties, intentionally deprived Plaintiffs NIDIA VINIEGRA, MARIA VINIEGRA, VALENCIA, K.V., and B.M. of their freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendants VAN

LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP detained Plaintiffs without reasonable suspicion and arrested him without probable cause.

57.     Plaintiffs, each of them, did not knowingly or voluntarily consent.

58.     Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER detained Plaintiffs NIDIA VINIEGRA, VALENCIA, and K.V. for an appreciable amount of time, including while they stopped and surrounded the vehicle driven by NIDIA VINIEGRA, pointed their guns at the occupants in the vehicle, Defendant QUINTERO, at the commands of Defendant WALKER, broke the glass on the driver-side window, reached into the vehicle, and attempted to extract NIDIA VINIEGRA from the vehicle; Defendants QUINTERO, WALKER, BARRAGAN, and GOULART opened the door and violently removed NIDIA VINIEGRA, VALENCIA, and K.V. from the vehicle and placed each of them in handcuffs. NIDIA VINEGRA was then arrested and placed in jail and in solitary confinement, away from her children.

59.     Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER detained Plaintiffs MARIA VINIEGRA and B.M. for an appreciable amount of time, including while these two Plaintiffs were standing nearby the stopped vehicle driven by NIDIA VINIEGRA; Defendant QUINTERO pushed B.M. to the ground and force was used against him while he was on the ground. Defendant VAN LUVEN grabbed MARIA VINIEGRA's wrist, forcibly handcuffed her and placed her in a law enforcement vehicle. Plaintiffs MARIA VINIEGRA and B.M. were both handcuffed and taken into custody.

60.     The conduct of Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER was a substantial factor in causing the harm to Plaintiffs.

61.     Defendant CBP is vicariously liable for the wrongful acts of Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

62.    The conduct of Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of each Plaintiff, entitling Plaintiffs to an award of exemplary and punitive damages.

63.    As a result of their misconduct, Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

64.    Plaintiffs also seek attorney's fees.

## SIXTH CLAIM FOR RELIEF

### Battery

(By all Plaintiffs against all Defendants)

65.    Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

66.    Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER, while working for the CBP and acting within the course and scope of their duties, among other things, unlawfully detained and arrested all Plaintiffs; stopped and surrounded NIDIA VINIEGRA'S vehicle; pointed their guns at the occupants of the vehicle, including NIDIA VINIEGRA and her two minor children VALENCIA and K.V.; Defendant QUINTERO, at the command of Defendant WALER, broke the glass on the driver-side window of NIDIA VINIEGRA'S vehicle thus causing shards of glass to fly into K.V.'s eyes resulting in injury to his eyes; Defendants WALKER and BARRAGAN opened the driver-side door, violently pulled NIDIA VINIEGRA out of the driver seat, used force to throw NIDIA VINIEGRA against the car, then Defendant BARRAGAN placed her in handcuffs and placed her in an agency vehicle; Defendant QUINTERO violently pulled VALENCIA out of the vehicle and threw her to the ground causing her to fall of her face and sustain extensive injuries, applied force to VALENCIA's back while she was on the ground and handcuffed her; Defendant GOULART pulled Plaintiff

K.V. from the vehicle, threw him to the ground, and where he was ultimately detained and handcuffed; Defendant VAN LUVEN focibly handcuffed MARIA VINIEGRA and placed her in a law enforcement vehicle; and Defendant QUINTERO grabbed Plaintiff B.M., forced him to the ground, used force against him while B.M. was on the ground, including applying force to B.M.'s back. With the assistance of Defendant WALKER, Defendant QUINTERO placed B.M. in handcuffs and detained him.

67.     As a result of the actions of all Defendants, Plaintiffs suffered severe pain and suffering, including blunt force trauma, embarrassment, and humiliation. Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER had no legal justification for using force against Plaintiffs, and their use of force while carrying out their duties as agents of CBP was an unreasonable and nonprivileged use of force.

68.     Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER, each integrally participated and/or failed to intervene.

69.     As a direct and proximate result of the conduct of Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER as alleged above, Plaintiffs sustained extensive injuries and also lost their earning capacity.

70.     CBP is vicariously liable for the wrongful acts of Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

71.     The conduct of Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, each of them, entitling them to an award of exemplary and punitive damages as to Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER.

72.     Plaintiffs also seek attorney's fees.

FIRST AMENDED COMPLAINT FOR DAMAGES

## SEVENTH CLAIM FOR RELIEF

### Negligence

(By all Plaintiffs against all individual Defendants)

73.     Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

74.     Federal agents from CBP, and DHS, including Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

75.     Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER breached this duty of care. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

a.  unlawfully detaining and arresting all Plaintiffs;

b.  stopping and surrounding NIDIA VINIEGRA'S vehicle;

c.  pointing their guns at the occupants of the vehicle, including NIDIA VINIEGRA and her two minor children VALENCIA and K.V.;

d.  Defendant QUINTERO executing Defendant WALKER's orders to break the glass on the driver-side window of NIDIA VINIEGRA'S vehicle, which caused shards of glass to fly into K.V.'s eyes resulting in injury to his eyes;

e.  Defendants WALKER and BARRAGAN violently pulling NIDIA VINIEGRA out of the driver seat of her vehicle;

f.  Defendants WALKER and BARRAGAN used force to throw NIDIA VINIEGRA against the car;

g.  Defendant QUINTERO violently pulling VALENCIA out of the vehicle and throwing her to the ground causing her to fall of her face and sustain extensive injuries;

h.  Defendant QUINTERO applying force to VALENCIA's back while she was on the ground and handcuffing her;

i.  Defendant GOULART pulling Plaintiff K.V. from the vehicle, throwing him to the ground, and handcuffing him;

j.  Defendant VAN LUVEN focibly handcuffing MARIA VINIEGRA and placing her in a law enforcement vehicle;

k.  Defendant QUINTERO pushing B.M. to the ground by Defendants and using force against him while on the ground, including applying force to Plaintiff B.M.'s back;

l.  the negligent detention, arrest, and use of force against Plaintiffs;

m.  the failure to properly train and supervise employees, both professional and non-professional, including all individual Defendants;

n.  the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of the Plaintiffs; and

o.  the negligent communication of information among themselves during the incident.

76.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiffs were caused to suffer severe physical, mental and emotional pain and suffering. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.

77.    CBP is vicariously liable for the wrongful acts of Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

78.   Plaintiffs also seek attorney's fees.

## EIGHTH CLAIM FOR RELIEF

### Violations of Bane Act (Cal. Civil Code § 52.1)

(By all Plaintiffs against all Defendants)

79.   Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

80.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

81.   On information and belief, Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER, while working for the CBP and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiffs, including: pointing their guns at Plaintiffs; detaining and handcuffing Plaintiffs; breaking the driver-side window of the vehicle driven by NIDIA VINIEGRA; Defendant QUINTERO, at the command of Defendant WALER, breaking the glass on the driver-side window of NIDIA VINIEGRA'S vehicle thus causing shards of glass to fly into K.V.'s eyes resulting in injury to his eyes; Defendants WALKER and BARRAGAN opening the driver-side door, violently pulling NIDIA VINIEGRA out of the driver seat, using force to throw NIDIA VINIEGRA against the car, Defendant BARRAGAN placing her in handcuffs and placing her in an agency vehicle where she was subsequently taken to jail and solitary confinement and separated from her children; Defendant QUINTERO violently pulling VALENCIA out of the vehicle and throwing her to the ground causing her to fall of her face and sustain extensive injuries, applying force to VALENCIA's back while she was on the ground and handcuffed her; Defendant GOULART pulling Plaintiff K.V. from the vehicle, throwing him to the ground, where he was ultimately detained and handcuffed; Defendant VAN LUVEN focibly handcuffing MARIA VINIEGRA and placing her in a law enforcement vehicle; and Defendant QUINTERO grabbing Plaintiff B.M., foring him to the ground,

using force against him while B.M. was on the ground, including applying force to B.M.'s back. With the assistance of Defendant WALKER, Defendant QUINTERO placed B.M. in handcuffs and detained him.

82.     When Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER unlawfully detained, arrested, handcuffed, and utilized excessive force against Plaintiffs, they interfered with Plaintiffs' civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

83.     On information and belief, each Defendant, independently and/or collectively, intentionally and spitefully committed the above acts to discourage Plaintiffs, each of them, from exercising their civil rights, to retaliate against them for invoking such rights, or to prevent them from exercising such rights, which he was fully entitled to enjoy.

84.     On information and belief, Plaintiffs reasonably believed and understood that the violent acts committed by Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, CBP, and other DOE Defendants were intended to discourage them from exercising the above civil rights, to retaliate against them for invoking such rights, or to prevent them from exercising such rights.

85.     Defendants thus successfully interfered with the above civil rights of each Plaintiff.

86.     The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

87.     Defendant CBP is vicariously liable for the wrongful acts of Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

88.     Defendants DOES 1-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

89.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for any of the Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and CBP.

90.    Plaintiffs also seek attorney's fees.

## NINTH CLAIM FOR RELIEF

**Negligence – Bystander, Negligent Infliction of Emotional distress**

(By all Plaintiffs against all individual Defendants)

91.    Plaintiffs re-allege and incorporate by reference each and every paragraph above as though set forth fully in this cause of action.

92.    Plaintiff NIDIA VINIEGRA is the mother of Plaintiffs VALENCIA and and K.V.

93.    Plaintiff MARIA VINIEGRA is the mother of Plaintiff B.M.

94.    Plaintiffs, each of them, were present at the scene of the incident and witnessed the acts of violence committed against their family when Defendants VAN LUVEN, BARRAGAN, and QUINTERO used force against each Plaintiff. Plaintiffs were contemporaneously aware that each of their family members were being injured at the time that the Defendants used force against each Plaintiff.

NIDIA VINIEGRA witnessed the detention, arrest, and use of force against her children, VALENCIA and K.V.; VALENCIA witnessed the detention, arrest, and use of force against her mother, NIDIA VINIEGRA, and her brother, K.V.; K.V. witnessed the detention, arrest, and use of force against his mother, NIDIA VINIEGRA, and his sister VALENCIA; MARIA VINIEGRA witnessed the detention, arrest, and use of force against her minor son, B.M.; B.M. witnessed the detention, arrest, and use of force against his mother, MARIA VINIEGRA.

95.    Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, and WALKER, while working as a federal agency for the CBP and while acting within the course and scope of their duties, negligently and carelessly inflicted such emotional distress on the Plaintiffs, each of them, when they, among other things, unlawfully

detained and arrested all Plaintiffs; stopped and surrounded NIDIA VINIEGRA'S vehicle; pointed their guns at the occupants of the vehicle, including NIDIA VINIEGRA and her two minor children VALENCIA and K.V.; Defendant QUINTERO, at the command of Defendant WALER, broke the glass on the driver-side window of NIDIA VINIEGRA'S vehicle thus causing shards of glass to fly into K.V.'s eyes resulting in injury to his eyes; Defendants WALKER and BARRAGAN opening the driver-side door, violently pulled NIDIA VINIEGRA out of the driver seat of her vehicle; using force to throw NIDIA VINIEGRA against the car, Defendant BARRAGAN placing her in handcuffs and placing her in an agency vehicle where she was subsequently taken to jail and solitary confinement and separated from her children; Defendant QUINTERO violently pulled VALENCIA out of the vehicle and threw her to the ground causing her to fall of her face and sustain extensive injuries; applied force to VALENCIA's back while she was on the ground and handcuffed her; Defendant GOULART pulled Plaintiff K.V. from the vehicle, threw him to the ground, and handcuffed him; Defendant VAN LUVEN focibly handcuffed MARIA VINIEGRA and placed her in a law enforcement vehicle; and Defendant QUINTERO grabbing Plaintiff B.M., foring him to the ground, using force against him while B.M. was on the ground, including applying force to B.M.'s back. With the assistance of Defendant WALKER, Defendant QUINTERO placed B.M. in handcuffs and detained him.

96.    Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and DOES 1 through 10 were integral participants in this conduct or failed to intervene in the conduct. DOE officers were also integral participants or failed to intervene.

97.    As a direct and proximate cause of Defendants' conduct, Plaintiffs, each of them were caused to suffer severe emotional distress, including but not limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

98.    Plaintiffs seek compensatory damages, attorney's fees and punitive damages under this claim.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS request entry of judgment in their favor and against Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, CBP, and DOES 1 through 10, as follows:

A. For compensatory damages including damages under federal law, in an amount to be proven at trial;

B. Punitive damages against the individual Defendants VAN LUVEN, BARRAGAN, QUINTERO, GOULART, WALKER, and DOES 1 through 10;

C. Reasonable attorneys' fees;

D. Costs of suit;

E. Prejudgment interest; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: June 25, 2018                         CARRILLO LAW FIRM, LLP


By:     _____/s/_____
        Luis A. Carrillo, Esq.,
        Attorney for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.


Dated: June 25, 2018                    CARRILLO LAW FIRM, LLP


By:    _____/s_____
       Luis A. Carrillo, Esq.,
       Attorney for Plaintiffs

27