Luis A. Carrillo, Esq. (SBN 70398)
LAW OFFICES OF LUIS A. CARRILLO
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Telephone: (626) 799-9375
Facsimile: (626) 799-9380

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIDIA VINIEGRA-VILLALOBOS, et al. *Plaintiffs,* vs. UNITED STATES OF AMERICA, et al., *Defendants.* | **Case No. 2:18-cv-00663 JFW (RAO)** [**Hon. John F. Walter**] **UNOPPOSED EX-PARTE PETITION FOR APPROVAL OF MINORS' COMPROMISE OF CLAIMS: PLAINTIFF JOHN K.V. DOE AND PLAINTIFF JOHN B.M. DOE** |

**I.    Basis for Ex-Parte:**

The parties have agreed to settle the instant matter. The Court is familiar with the facts of this case, and as such the case will be very briefly described herein.

The present claim is a civil rights case arising from an incident on January 26, 2016 at approximately 7:15 a.m. Plaintiff NIDIA VINIEGRA was driving her children to school when it is alleged that several federal law enforcement agents pulled over the vehicle driven by NIDIA VINIEGRA. Also in the vehicle were her children, Plaintiffs VALENCIA and K.V. Plaintiffs allege that at the time of the vehicle stop the Federal agents unlawfully detained and arrested NIDIA VINIEGRA and that the Federal agents used excessive force

1

against NIDIA VINIEGRA and against the other Plaintiffs; and that the Federal agents broke the glass on the driver-side window of the car and reached into the vehicle in an attempt to extract NIDIA VINIEGRA. The First Amended Complaint alleges four claims against five individual agents with United States Customs and Border Protection (CBP), pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged Fourth and Fourteenth Amendment violations. Doc. 17 at 9-16. The First Amended Complaint also alleges claims under the Federal Tort Claims Act (FTCA) against the United States for False Arrest/False Imprisonment, Battery, Negligence, and a violation of California's Bane Act, Cal. Civ. Cod § 52.1. *See id.* at 16-26.

## II.     Basic Terms of the Settlement of the Litigation:

Defendant United Stated of America has agreed to settle all claims against the Government with Plaintiffs for the gross amount of $25,000.00. Pursuant to 28 U.S.C. § 2672, acceptance of the settlement amount shall constitute a complete release of any claim against the United States and against its employees, current or former, whose acts or omissions gave rise to this action, by reason of the same subject matter. The minor Plaintiffs, through their counsel, respectfully request that the Court hear this Petition on an expedited basis for the reasons set forth below. An order ex parte on this Petition would reduce time for all parties, thereby expediting the net settlement proceeds to be received by the Plaintiffs.

Under this Petition proposal, the two minor Plaintiffs would each receive the gross amount of $5,000.00 from the $25,000.00 gross settlement. Plaintiffs' counsel is

requesting 20% attorney's fees and costs from the settlement of the two minor children. *See* 28 U.S.C. § 2678 ("No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title or any settlement made pursuant to section 2677 of this title[.]"). Should the Court accept this Petition, the two minor children, through their Next Friend, will pay 20% attorneys fees and costs from the $10,000.00 settlement that the minors will receive from the Defendant United Stated of America.

### III. Parties:

The parties to the gross settlement are as follows:

1. Plaintiff JOHN K.V. DOE, a minor, by and though his guardian ad litem Nidia Viniegra.

2. Plaintiff JOHN B.M. DOE, a minor, by and through his guardian ad litem, Maria Viniegra

3. Plaintiff Nidia Viniegra-Villalobos

4. Plaintiff Arleth Valencia.

5. Plaintiff Maria Elba Viniegra.

6. Defendant United States of America

### IV. Current Status of the Settlement of the Litigation:

The Plaintiffs and Defendant United Sates of America have reached a settlement in this matter. The settlement is between the Plaintiffs and the United States of America only. The individual CBP agents-Defendants have not appeared and are not participating

in the settlement. When the settlement between the Plaintiffs and the United States of America is finalized, the *Bivens* claims against the individual Defendants are subject to dismissal under the FTCA's judgment bar. *See* 28 USC § 2676. The Plaintiffs have agreed to a monetary settlement in the gross amount of $25,000.00 to be paid by the United States of America to all Plaintiffs, as further explained below, regarding any and all remaining claims, and with regard to Defendant United States of America who will be dismissed upon Court approval of the minor's compromise.

This settlement will be without any admission of liability by Defendant United States of America for the acts complained of, with each side bearing their own fees and costs, unless otherwise provided for herein below. All claims against the United States of America and the individually named defendants are to be dismissed as part of the settlement.

**V.     Proposed Compromise of Minor's Claims with the United States of America:**

Under the monetary terms of the settlement, the United States of America will pay a combined total of $25,000.00 for all five Plaintiffs, amounting to $5,000.00 for each, including the minor Plaintiffs K.V. Doe and B.M. Doe who will each receive $5,000.00, and the remaining $15,000.00 will be received by the adult Plaintiffs, Nidia Viniegra-Villalobos, Arleth Valencia, and Maria Elba Viniegra, for $5,000.00 each.

**A.     Gross settlement amounts to Plaintiffs:**

The Defendant United State of America has agreed to pay $25,000.00 to Plaintiffs. This amount will be distributed as follows: Plaintiff John K.V. Doe will receive

4

$5,000.00; Plaintiff John B.M. Doe will receive $5,000.00; Plaintiff Nidia Viniegra-Villalobos will receive $5,000.00; Plaintiff Arleth Valencia will receive $5,000.00, and Plaintiff Maria Viniegra will receive $5,000.00.

As of the date of filing this Petition, costs incurred by Plaintiffs' counsel are waived.

**B.     Net distribution to the minor Plaintiffs K.V. Doe B.M. Doe:**

The final net distribution of the proceeds will be as follows:

After deduction of 20% attorneys fees in the amount of $1,000.00, Minor Plaintiff John K.V. Doe will receive a net of $4,000.00.

After deduction of 20% attorneys fees in the amount of $1,000.00, Minor Plaintiff John B.M. Doe will receive a net of $4,000.00.

**C.     Net distribution to the adult Plaintiffs:**

After deduction of 20% attorneys fees in the amount of $1,000.00, Plaintiff Nidia Viniegra-Villalobos will receive a net of $ 4,000.00;

After deduction of 20% attorneys fees in the amount of $1,000.00, Plaintiff Arleth Valencia will receive a net of $ 4,000.00.

After deduction of 20% attorneys fees in the amount of $1,000.00, Plaintiff Maria Viniegra will receive a net of $ 4,000.00.

Plaintiffs' counsel had no prior relationship with any Plaintiff prior to representing them in this case. Plaintiffs' counsel submits that the attorneys fees are reasonable and may be awarded in the amounts requested.

**D.     Plaintiffs JOHN K.V. DOE and JOHN B.M. DOE request that the Court order that the net Proceeds of the settlement for each minor, $4,000.00 for each minor, shall be deposited in a Blocked Account until each minor reaches the age of eighteen years.**

The minor Plaintiffs herein, Plaintiff John K.V. Doe and Plaintiff John B.M. Doe, request that the Court issue an Order whereby the net proceeds of the settlement for each minor, $4,000.00 for each minor, shall be placed in a Blocked Account until each minor reaches the age of eighteen (18) years. The blocked account belongs to each minor. Plaintiff minor John K.V. Does was born on **August 1, 2002**. Plaintiff minor John B.M. Doe was born on **December 19, 2000**. No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order or until the minor attains the age of 18 years. When each minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all monies including interest deposited under this order. The money on deposit is not subject to the escheat.

Within 72 hours of receipt of any check or draft, payable to the minor John K.V. and the minor John B.M. Doe, Plaintiffs' counsel, and the mother of minor John K.V., and the mother of minor John B.M., shall deposit the check or draft in a Blocked Account at Bank of America 929 Fair Oaks Avenue, South Pasadena, CA. 91030.

///

////

## VI. Conclusion

Plaintiffs and their counsel respectfully request that the Court approve the distribution of proceeds of settlement as set forth hereinabove, and the payment of attorneys' fees and costs, without a hearing. Plaintiffs have submitted a proposed order in this regard and respectfully request the Court's signature thereon, and filing thereof. This Ex-Parte Petition has been shared with counsel for the United States of America, who does not oppose the requests made herein.

Dated: February 26, 2019                LAW OFFICES OF LUIS A. CARRILLO


                                        _____/s/_____
                                        Luis A. Carrillo,
                                        Attorneys for Plaintiffs